IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
FEB - 5 2015
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) **4:15CR0050 AGF/NCC** |
| SHAWN HOWARD, | ) |
| Defendant. | ) |

## INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNT 1

### WIRE FRAUD

A. INTRODUCTION

At all times relevant to the Indictment:

1. The defendant, **SHAWN HOWARD** (hereinafter referred to as **"HOWARD"**), was an independent over the road truck driver, residing in the Las Vegas, Nevada area. **HOWARD** engaged in real estate transactions from time to time, utilizing his company Element Domain Management, Inc.

2. Kameron Denali (hereinafter referred to as "Denali") was an independent over the road truck driver, residing in the Akron, Ohio area. Denali engaged in real estate transactions from time to time, utilizing his company Expedited, LLC. During in or about 2013 or 2014, Denali first met **HOWARD**. Denali has a brother, R.G., a physician residing in the St. Louis, Missouri area.

1

B.   SCHEME TO DEFRAUD

3.   Beginning in or about June, 2014 and continuing through in or about September, 2014, both dates being approximate and inclusive, in the Eastern District of Missouri and elsewhere, defendant,

**SHAWN HOWARD,**

devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money from Kameron Denali and R.G. in an approximate amount of $330,000, by means of materially false and fraudulent pretenses, representations, and promises.

4.   It was a part of the scheme that defendant **SHAWN HOWARD** falsely advised and represented to Kameron Denali that **HOWARD** had an opportunity to purchase a home located in St. Petersburg, Florida out of foreclosure in a short sale for $330,000.  **HOWARD** falsely advised that the home could then be resold for approximately $600,000, netting a profit of approximately $270,000.  **HOWARD** invited Denali to participate in the purported purchase and resale of the home.

5.   Based upon **HOWARD's** false representations concerning the purported St. Petersburg real estate transaction, Denali invited his brother, R.G., to participate in the deal, requesting that R.G. fund the home purchase in exchange for $200,000 of the profit from the resale of the home.  Based upon **HOWARD's** false representations about the purported real estate transaction, R.G. agreed to participate and fund the purchase of the home.

6.   It was a further part of the scheme that, in order to make the purported purchase of the St. Petersburg home, R.G. wired $330,000 to Denali's Expedited, LLC bank account on June 16, 2014.  Further, on July 8, 2014, Denali wired that $330,000 to defendant **HOWARD's** Element Domain Management, Inc. bank account.

7. It was a further part of the scheme that defendant **HOWARD**, instead of using the $330,000 for the purported purchase of the St. Petersburg home as he had falsely represented he would do, used the funds for personal expenses and the purchase of personal items, including but not limited to jewelry, precious metals, airline tickets, hotel rooms, rental cars and other personal items including the purchase of a 2012 Porsche Panamera automobile, subsequently used as a trade in by **HOWARD** for the purchase of a 2014 Land Rover – Range Rover. **HOWARD** also withdrew a substantial amount of the funds, at least $45,000, in cash from his account.

C. THE WIRE TRANSMISSION

8. On or about June 16, 2014, within the Eastern District of Missouri, and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and in attempting to do so, the defendant did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain signs and sounds consisting of electronic communications, including an electronic funds transfer of $330,000 initiated by R.G. in St. Louis, Missouri from his U.S. Bank account to Expedited, LLC's Wells Fargo Bank account in Akron, Ohio, which funds were intended to be used for the purchase of a home in St. Petersburg, Florida.

All in violation of Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE ALLEGATION**

The Grand Jury further finds probable cause that:

9. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Count One, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense.

10. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

11. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. 2014 Land Rover - Range Rover, VIN – SALGS2TF9EA185292, seized from Howard on December 4, 2014.

   b. $2,010.84 in funds, seized on December 3, 2014, from Howard dba Element Domain Management Bank of America account ending in #7511.

   c. One pair of 14 carat white gold diamond stud three prong screwback earrings with two brilliant cut diamonds weighing 1.00 carat total, seized from Howard on December 17, 2014.

12. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without

difficulty, the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
HAL GOLDSMITH
Assistant United States Attorney